**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAIEEDA DAVIS,<br><br>   Plaintiff<br><br>-vs-<br><br>ELWYN OF PENNSYLVANIA<br>AND DELWARE d/b/a ELWYN, INC<br><br>   Defendant | : <br> : Civil Action No.<br> : <br> : **PLAINTIFF REQUESTS A**<br> : **TRIAL BY JURY**<br> : <br> : <br> : <br> : **COMPLAINT**<br> : <br> : <br> : |

Plaintiff, SAIEEDA DAVIS ("Plaintiff" and/or "MS. DAVIS"), by and through her undersigned counsel hereby files this Civil Action Complaint against Defendant ELWYN OF PENNSYLVANIA AND DELWARE d/b/a ELWYN, INC ("Defendant" and/or "ELWYN") and upon information and belief avers the following:

## NATURE OF THE CASE

Plaintiff complains of race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, as amended. Plaintiff seeks damages to redress injuries she suffered as a result of Defendants' discriminatory and retaliatory conduct, including the denial of promotion, disparate treatment, and unequal terms and conditions of employment on the basis of race. Defendants' conduct was intentional, willful, and carried out with reckless disregard for Plaintiff's federally protected rights.

## JURISDICTION AND VENUE

1. This action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, as amended.

1

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this case involves federal questions arising under laws providing for the protection of civil rights.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices and discriminatory conduct alleged herein occurred within this District.

4. On or around May 1, 2024, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination in violation of Title VII.

5. On or around July 26, 2025, the EEOC issued Plaintiff a Notice of Right to Sue. The notice was mailed to Plaintiff on August 12, 2025, and this Complaint has been filed within ninety (90) days of Plaintiff's receipt of that Notice.

6. Plaintiff has therefore satisfied all conditions precedent and exhausted all administrative remedies required under Title VII prior to filing this civil action.

7. No administrative exhaustion is required for Plaintiff's claims under 42 U.S.C. § 1981.

**PARTIES**

8. Plaintiff, SAIEEDA DAVIS ("Plaintiff" or "DAVIS"), is an adult African American woman residing in the Commonwealth of Pennsylvania.

9. At all times material hereto, Plaintiff was employed by Defendant in the position of Psychiatric Rehabilitation Program Supervisor.

10. Defendant, ELWYN OF PENNSYLVANIA AND DELWARE d/b/a ELWYN INC. ("Defendant" or "ELWYN"), is a domestic nonprofit corporation organized and existing under

2

the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 111 Elwyn Road, Elwyn, Pennsylvania 19063.

11. At all times relevant, Defendants operate a mental health outpatient facility located at 7700 West Chester Pike, Upper Darby PA 19082, where Plaintiff worked for Defendants.

12. At all times material hereto, Defendant ELWYN was and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), and 42 U.S.C. § 1981.

## MATERIAL FACTS

13. On or around October 18, 2021, Plaintiff began her employment with Defendant Elwyn in the position of Psychiatric Rehabilitation Program Supervisor.

14. At all times relevant, Plaintiff was a Black, African American adult individual and one of the very few African American managers employed by Defendant.

15. Throughout her employment, Plaintiff consistently performed her duties with diligence, professionalism, and dedication to the success of Defendant's psychiatric rehabilitation program.

16. On or around November 1, 2021, Defendant hired a White, Caucasian individual, Alisa Calvo, to serve as Director. Plaintiff reported directly to Ms. Calvo and worked closely with her until Ms. Calvo separated from employment in or around December 2024.

17. Plaintiff possessed equivalent or superior certifications, qualifications, and experience to Ms. Calvo, and had demonstrated the ability to perform all Director-level responsibilities effectively.

18. Following Ms. Calvo's departure, Plaintiff was summoned to a meeting at Defendant's main campus with Senior Director Jennifer Goldstein and Human Resources Representative

3

Charlene Bayne. During that meeting, Plaintiff was instructed to assume Ms. Calvo's duties, to sign her name in the "Director" designation, and to carry out all Director-level responsibilities.

19. Plaintiff inquired whether the Director position would be formally filled or whether she would be considered for promotion. Defendant informed Plaintiff that the Director position was being "eliminated" and that she would continue in her current title without an increase in pay.

20. Despite Defendant's claim that the Director position was being eliminated, Plaintiff was directed to continue managing staff, implementing operational changes, and overseeing departmental functions typically reserved for a Director.

21. Plaintiff performed these expanded duties diligently and effectively, achieving strong program outcomes and favorable feedback from both staff and external evaluators.

22. Despite Plaintiff's demonstrated leadership and assumption of full Director-level responsibilities, Defendant failed to promote her or provide any increase in compensation commensurate with the role she performed.

23. Plaintiff repeatedly requested formal recognition of her Director-level duties and pay equitable to those of her White counterparts, but her requests were consistently denied without legitimate justification.

24. When Plaintiff raised concerns about the lack of promotion, unequal treatment, and race-based disparities in opportunity and pay, Defendant stated that the Director position was "no longer needed," even while Plaintiff continued performing those same duties.

25. Plaintiff's contributions were ignored, and she continued to experience disparate treatment compared to White employees who were granted promotions, recognition, and compensation reflective of their work.

26. Plaintiff was denied advancement and equitable treatment due to her race.

27. On or around May 1, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and unequal treatment.

28. After Plaintiff filed her charge, she began experiencing retaliatory conduct from Defendant. Management ignored her communications, excluded her from meetings, withheld critical information necessary for her job, and failed to respond to her requests for support or guidance.

29. Conversely, similarly situated White employees continued to receive assistance, resources, and management support without interruption.

30. On or around June 27, 2025, Plaintiff was called into a meeting without notice. Plaintiff was blindsided, as she had recently passed state inspections with excellent evaluations.

31. On or around July 2, 2025, Defendant suspended Plaintiff's employment, alleging without evidence that she had been "aggressive" toward a client. Defendant failed to identify the situation or provide any documentation supporting the allegation. Defendant also failed to conduct any investigation into the accusation because of discriminatory bias and reliance on harmful racial stereotypes that portray Black women as aggressive or hostile.

32. Plaintiff later learned that the alleged complaint was made anonymously through a hotline on or about June 8, 2025, yet Defendant took no investigative steps before imposing discipline.

33. A few days later, Defendant informed Plaintiff by phone that her employment was terminated.

34. Plaintiff's termination was retaliatory and directly related to her filing of the EEOC charge and her protected complaints of race discrimination.

35. Upon information and belief, following Plaintiff's termination, Defendant reinstated the Director position and filled it with a White, Caucasian individual.

36. Defendant's actions in denying Plaintiff promotion, equitable pay, and continued employment were motivated by discriminatory intent and retaliatory animus based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

## COUNT I
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964
(42 U.S.C. § 2000e et seq.)

37. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

38. At all times material hereto, Plaintiff was an employee and Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964.

39. Plaintiff is an African American woman and a member of a protected class under Title VII.

40. Plaintiff was qualified for her position and performed her duties in an exemplary manner.

41. Defendant subjected Plaintiff to disparate treatment on the basis of her race, including but not limited to denying her promotion, failing to provide equitable pay, ignoring her complaints, and subjecting her to discriminatory discipline and termination.

42. Defendant's conduct created unequal terms and conditions of employment for Plaintiff compared to her White counterparts.

43. Defendant's actions constitute unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964.

6

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of career advancement opportunities, emotional distress, humiliation, and other damages.

## Count II
### Retaliation in Violation of Title VII

45. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

46. Plaintiff raised concerns that she was treated disproportionately to her similarly situated co-workers who were Caucasian.

47. Plaintiff complained that she was denied a promotion based on her race.

48. Plaintiff was not acknowledged for a promotion based on her race.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of career advancement opportunities, emotional distress, humiliation, and other damages.

## COUNT III
### Race Discrimination in Violation of 42 U.S.C. § 1981

50. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff is an African American woman and therefore a member of a protected racial group under 42 U.S.C. § 1981.

52. Defendant intentionally discriminated against Plaintiff in the making, performance, and terms and conditions of her employment contract because of her race.

7

53. Defendant denied Plaintiff promotion, equal pay, and fair treatment, and subjected her to disparate disciplinary actions based on her race.

54. Defendant's decision to terminate Plaintiff's employment was motivated by racial bias and discriminatory animus.

55. Defendant's conduct was willful, malicious, and in reckless disregard for Plaintiff's federally protected rights.

56. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss, reputational harm, emotional distress, and other damages.

### COUNT III
### Retaliation in Violation of 42 U.S.C. § 1981

57. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

58. Plaintiff engaged in protected activity by opposing race discrimination and filing a Charge of Discrimination with the EEOC.

59. Following Plaintiff's protected activity, Defendant retaliated against her by subjecting her to heightened scrutiny, excluding her from meetings, ignoring her communications, and ultimately suspending and terminating her employment.

60. Defendant's actions were taken in direct response to Plaintiff's complaints of racial discrimination and her filing of the EEOC charge.

61. Defendant's retaliatory conduct would dissuade a reasonable employee from engaging in protected activity.

62. Defendant's retaliation violated Plaintiff's rights under 42 U.S.C. § 1981.

63. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff suffered economic harm, loss of employment, emotional distress, and other damages.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: November 10, 2025

**FREUNDLICH & LITTMAN, LLC**
Attorneys for Plaintiff

By: */s/ Samuel C. Wilson*
Samuel C Wilson, Esq.
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
F: (215) 545-8510
E: *Sam@fandllaw.com*